

## NUMBER 13-06-475-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### EX PARTE: FIDEL FLORES ROJAS

**On appeal from the 24th District Court of Victoria County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, Fidel Flores Rojas, pleaded guilty to unlawful possession of a firearm.[1]
The trial court placed appellant on community supervision for ten years. Appellant then
filed an "Application for Writ of Habeas Corpus to Vacate Felony Conviction" with the trial
court. The trial court denied the writ and appellant now appeals from that denial.[2] We
affirm.

---

[1] *See* TEX. PENAL CODE. ANN. § 46.04(a)(2) (Vernon Supp. 2007).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 §§ 1, 8 (Vernon 2005).

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the to the trial court's ruling.[3] We will uphold the trial court's ruling absent an abuse of discretion.[4] In conducting our review, we afford almost total deference to the trial judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor.[5] We afford the same amount of deference to the trial judge's application of law to the facts, if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor.[6] If the resolution of the ultimate questions turns on an application of legal standards, we review the determination de novo.[7]

In his sole issue on appeal, appellant argues that the trial court erred in following the law set out by the court of criminal appeals in *State v. Mason*,[8] rather than the law set out by the Waco Court of Appeals in *Burleson v. State*.[9] *Burleson* concerned § 46.04(a) of the penal code, which as of September 1, 1994, has stated the following:

> (a) A person who has been convicted of a felony commits an offense if he possesses a firearm:
>
> > (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory

---

[3] *Ex parte Masonheimer*, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007).

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] 980 S.W.2d 635 (Tex. Crim. App. 1998).

[9] 935 S.W.2d 526 (Tex. App.–Waco 1996, no pet.).

supervision, whichever date is later; or

> (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.[10]

Prior to the enactment of the 1994 penal code, the offense of unlawful possession of a firearm was located in penal code § 46.05 (rather than § 46.04), and it defined the offense as follows, in pertinent part: "A person who has been convicted of a felony *involving an act of violence or threatened violence to a person or property* commits an offense if he possesses a firearm away from the premises where he lives."[11]  Accordingly, prior to September 1, 1994, the offense of unlawful possession of a firearm was only applicable to individuals who had previously been convicted of a felony involving violence; after September 1, the offense became applicable to individuals convicted of *any* felony.

Under the reasoning employed in *Burleson*, if a defendant is charged today with unlawful possession of a firearm, based on a felony conviction that occurred prior to September 1, 1994, the pre-1994 version of the offense should govern his prosecution.[12] As a consequence, the State must prove that the defendant's felony conviction involved violence or a threat of violence.  If, however, one is charged with unlawful possession of a firearm and his previous felony conviction occurred after September 1, 1994, the post-1994 version of the offense should govern his prosecution, and the State need not prove that the conviction involved violence or a threat of violence.[13]

---

[10] TEX. PENAL CODE ANN. § 46.04(a).

[11] Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 964, *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3688 (emphasis added).

[12] *Burleson*, 935 S.W.2d at 528-29.

[13] *Id.*

In the instant case, the trial court convicted appellant of unlawful possession of a firearm under the post-1994 version of the offense.[14]  Appellant argues that this was error because his conviction for this offense rested on a prior felony conviction that occurred prior to September 1, 1994.  Relying on *Burleson*, appellant thus asserts that the trial court should have applied the pre-1994 version of the offense, which would have compelled the State to show that his felony conviction involved violence or a threat of violence.  Because it is undisputed that appellant's felony conviction was for a non-violent offense, he requests this Court to grant him relief.

This Court is not bound by the holdings of its sister courts; it is, however, bound by the holdings of the court of criminal appeals, which rejected the *Burleson* reasoning in *State v. Mason*, stating:

> There is no rational reason to distinguish, for purposes of applicability of § 46.04, between felons whose prior conviction occurred before September 1, 1994 and those whose prior conviction went down after September 1, 1994.
>
> . . . .
>
> We conclude the Legislature did not intend for the date of the prior conviction to be considered an element of § 46.04.  Instead, we conclude the Legislature intended for only a defendant's status as a felon to be an element of § 46.04.  Therefore, appellee was subject to prosecution under § 46.04.[15]

Appellant urges this Court to abandon the precedent set in *Mason* in light of the United States Supreme Court's opinion in *Immigration & Naturalization Service v. Enrico St. Cyr*, wherein the Supreme Court stated that a "statute may not be applied retroactively

---

[14] *See* TEX. PENAL CODE ANN. 46.04(a).

[15] 980 S.W.2d at 640-41.

4

. . . absent a clear indication from Congress that it intended such a result."[16] Assuming, arguendo, that *Cyr* is applicable to a discussion of § 46.04, we observe that the *Mason* court determined that it was the Legislature's clear intent to have "all felons covered by § 46.04, not only those felons who were convicted after September 1, 1994."[17]

We decline to stray from *Mason*'s holding; furthermore, we find that the trial court correctly applied the law and thus did not commit an abuse of discretion. Accordingly, we affirm the trial court's order denying appellant relief on his application for writ of habeas corpus.

LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 29th day of July, 2008.

---

[16] 533 U.S. 289, 316 (2001).

[17] *Mason*, 980 S.W.2d at 639-40.